IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
WELLS FARGO BANK, N.A.,        )
                               )
    Plaintiff,                 )
                               )         CIVIL ACTION NO.
    v.                         )          2:10cv947-MHT
                               )              (WO)
WHITEHAWK PLANTATION,          )
L.L.C.; and MULLINS            )
SERVICES, LLC,                 )
                               )
    Defendants.                )
```

OPINION

This lawsuit is now before the court on plaintiff Wells Fargo Bank, N.A.'s motion for summary judgment against defendants Whitehawk Plantation, L.L.C. and Mullins Services, LLC. Wells Fargo seeks to recover from Whitehawk and Mullins Services (1) the sum of $ 2,080,465.66 and (2) post-judgment interest on this amount calculated at the statutory rate. Rule 56(c)(2) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

Whitehawk and Mullins Services have failed to oppose Wells Fargo's motion for summary judgment. Thus, the undisputed evidence before the court is as follows. Wells Fargo is the successor by merger to Wachovia Bank, N.A. Wachovia loaned monies to Whitehawk under two non-revolving lines of credit; to Mullins Services under two non-revolving lines of credit; and to former co-defendant Charles F. Mullins, Jr. under one non-revolving line of credit. There were therefore five loans in all. Whitehawk, Mullins Services, and Mullins executed promissory notes in favor of Wachovia to evidence their various obligations under these lines of credit. Further, Mullins personally and unconditionally guaranteed the obligations of Whitehawk and Mullins Services under their lines of credit.

After Whitehawk and Mullins Services defaulted on their loan obligations, the parties entered into an extension and modification agreement. Under this agreement, the loans were modified such that Whitehawk,

Mullins Services, and Mullins became jointly and severally liable for the obligations on all five loans.

Whitehawk and Mullins Services failed to pay all amounts due and defaulted on all five loans.  As a result of the defaults, Whitehawk and Mullins Services now owe Wells Fargo $ 2,080,465.66 as of April 15, 2011.  This figure is comprised of the amounts owed under each of the five loans; interest accrued on the loans as of April 15; late fees associated with the loans; and Wells Fargo's attorneys' fees as well as court costs incurred in collection of the amounts owed under the loans.  With respect to Well Fargo's attorneys' fees, which total $ 33,560.60, the court notes that Whitehawk and Mullins Services have not challenged the reasonableness of the fees, and, after assessing the fees themselves, the court finds no basis to question their reasonableness.  In addition, Whitehawk and Mullins Services owe post-judgment interest.

Wells Fargo is entitled to collect $ 2,080,465.66 as well as post-judgment interest.

An appropriate judgment will be entered.

DONE, this the 31st day of May, 2011.

                                          /s/ Myron H. Thompson
                                  UNITED STATES DISTRICT JUDGE